1  KRISTIN HENRY (Cal. Bar No. 220908)
Sierra Club
2  85 Second Street, 2nd Floor
San Francisco, CA 94105
3  Telephone: (415) 977-5716
Facsimile:  (415) 977-5793
4  Kristin.Henry@sierraclub.org

5  Counsel for Plaintiff Sierra Club

6

7

**UNITED STATES DISTRICT COURT**
8  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9

10  _____

11         )  Case No.
       )
12  SIERRA CLUB,       )
       )  **COMPLAINT**
13         )  **FOR DECLARATORY AND**
    Plaintiff,    )  **INJUNCTIVE RELIEF**
14         )
    v.       )
15         ) (Clean Air Act, 42 U.S.C. §§ 7401 *et. seq.*)
GINA MCCARTHY,       )
16  in her official capacity as Administrator of the   )
United States Environmental Protection Agency,   )
17         )
    Defendant.    )
18  _____)

19

20

21

22

23

28

**INTRODUCTION**

1.      Plaintiff Sierra Club brings this Clean Air Act citizen suit to compel the United States Environmental Protection Agency to undertake overdue mandatory duties.  Specifically, Sierra Club challenges the failure of Defendant, Gina McCarthy, in her official capacity as Administrator of the United States Environmental Protection Agency (EPA), to perform certain mandatory duties required by the Clean Air Act, 42 U.S.C. §§ 7401-7671q.  These duties are failure to approve or disapprove under 42 U.S.C. § 7410(k)(2) - (4) state implementation plan (SIP) elements submittals from Louisiana, Montana, New York, South Dakota, and Wisconsin and failure to promulgate federal implementation plans (FIP) under 42 U.S.C. § 7410(c)(1) for certain SIP elements for California and Kentucky, all for the 2008 ozone National Ambient Air Quality Standard.

**JURISDICTION**

2.      This case is a Clean Air Act citizen suit.  Therefore, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a)(2) (citizen suits for failure to perform a non-discretionary duty required by the Clean Air Act).

**NOTICE**

3.      Plaintiff Sierra Club mailed a letter via certified mail, return receipt requested, on June 1, 2015 to Defendant EPA stating that Sierra Club intends to sue EPA for the violations alleged in this Complaint.  More than sixty days have passed since Sierra Club mailed this notice of intent to sue letter.  To date, Defendant has not remedied the violations alleged in this Complaint. Therefore, an actual controversy exists.

1

COMPLAINT

1

**VENUE**

2      4.      Defendant EPA resides in this judicial district.  This civil action is brought against an

3 officer of the United States, acting in her official capacity, and a substantial part of the events or

4 omissions giving rise to the claims in this case occurred in the Northern District of California.  In

5 addition, Plaintiff Sierra Club is headquartered in San Francisco and Sierra Club's counsel is

6 located in San Francisco.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. §

7 1391(e).

8

**INTRADISTRICT ASSIGNMENT**

9      5.      A substantial part of the events and omissions giving rise to the claims in this case

10 occurred in the County of San Francisco.  Accordingly, assignment to the San Francisco

11 Division or the Oakland Division is proper pursuant to Civil L.R. 3-2(c) and (d).

12

**PARTIES**

13      6.      Plaintiff SIERRA CLUB is a national grassroots nonprofit conservation organization

14 formed in 1892.

15      7.      Sierra Club's purpose includes practicing and promoting the responsible use of earth's

16 ecosystems and resources, and protecting and restoring the quality of the natural and human

17 environment.  Sierra Club has over 600,000 members nationally.

18      8.      Members and staff of Sierra Club live, work, recreate, and travel throughout the states at

19 issue in this case and states downwind of those states and will continue to do so on a regular

20 basis.  Ozone in and emissions from the affected States threatens and damages, and will continue

21 to threaten and damage, the health and welfare of Plaintiff's staff and members.  Ozone

22 diminishes Sierra Club staff's and members' ability to enjoy the aesthetic qualities and

23 recreational opportunities of the respective areas.

2

COMPLAINT

28

Case 3:15-cv-04328-JD   Document 1   Filed 09/22/15   Page 4 of 10


9.      EPA's failure to timely perform the mandatory duties described herein also adversely affect Sierra Club, as well as its staff and members, by depriving them of procedural protection and opportunities, as well as information that they are entitled to under the Clean Air Act.  The failure of EPA to perform mandatory duties also creates uncertainty for Sierra Club's staff and members as to whether they are exposed to excess air pollution.

10.      The above injuries will continue until the Court grants the relief requested herein.

11.      Defendant Gina McCarthy is the Administrator of the United States Environmental Protection Agency.  In that role, Administrator McCarthy has been charged by Congress with the duty to administer the Clean Air Act, including the mandatory duties at issue in this case.

**LEGAL BACKGROUND**

12.      Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again."  H.R. Rep. No. 1146, 91st Cong., 2d Sess. 1,1, 1970 U.S. Code Cong. & Admin. News 5356, 5356.  To promote this, the Clean Air Act requires EPA to set National Ambient Air Quality Standards, establishing maximum allowable concentrations for certain pollutants, including ozone.

13.      Adverse impacts arise from ground-level ozone ("ozone") pollution, commonly referred to as smog.  Exposure to ozone pollution may cause numerous impacts to a person's respiratory system, including asthma, pneumonia, and bronchitis, and can result in the permanent scarring of lung tissue.  Ozone can also kill people.  Moreover, the detrimental effects extend beyond public health.  Ozone pollution also interferes with vegetation's ability to function properly.  This interference results in injuries such as decreased crop yields and damage to native ecosystems.

COMPLAINT

14.     The Clean Air Act requires each state to submit a state implementation plan for every promulgation or revision of a National Ambient Air Quality Standard, within three years of that standard's promulgation or revision, that provides for the "implementation, maintenance, and enforcement" of the standard.  42 U.S.C. § 7410(a)(1).  These are often referred to as "Infrastructure" State Implementation Plans.  An Infrastructure State Implementation Plan submittal must meet the requirements listed under 42 U.S.C. § 7410(a)(2).  *See* 42 U.S.C. §§ 7410(a)(2)(A)-(M).

15.     The Clean Air Act requires EPA to determine whether any state implementation plan submittal is administratively complete.  42 U.S.C. 7410(k)(1)(B).  EPA must make this determination by "no later than 6 months after the date, if any, by which a State is required to submit the plan or revision."  *Id.*  If EPA fails to make a determination of whether a SIP submittal is administratively complete, then the submittal is deemed administratively complete by operation of law six months after a state submitted the submittal.  *Id.*

16.     EPA has a mandatory duty to take final action on any administratively complete state implementation plan submittal by approving in full, disapproving in full, or approving in part and disapproving in part, or conditionally approving, within 12 months of the date the submittal is deemed administratively complete.  42 U.S.C. § 7410(k)(2), (3) and (4).

17.     If a state fails to submit any required state implementation plan, there is no submittal that may be deemed administratively complete, and EPA must make a determination stating that the state failed to submit the required state implementation plan.  42 U.S.C. § 7410(k)(1)(B).  This is referred to as a "finding of failure to submit."

18.     If EPA disapproves a SIP submittal, EPA must promulgate a Federal Implementation Plan to take the place of the disapproved SIP submittal within two years of the disapproval. 42 U.S.C. §

4

COMPLAINT

7410(c)(1). Similarly, if EPA finds that a state has failed to submit a SIP by the required deadline, EPA must promulgate a Federal Implementation Plan to fill in the gap of the missing SIP submittal within two years of the finding of failure to submit.

**CLAIMS FOR RELIEF**

**CLAIM ONE**
(EPA Failure to Take Final Action on States' Infrastructure State Implementation Plan Submittals.)

19.     Plaintiff incorporates by reference paragraphs 1 through 20.

20.     The Clean Air Act requires EPA to determine whether any state implementation plan submittal is administratively complete.  *See* 42 U.S.C. 7410(k)(1)(B).

21.     If six months after a state submits a state implementation plan, EPA has not made the completeness finding and has not found the submittal to be incomplete, the submittal is deemed administratively complete by operation of law.  *Id*.

22.     EPA must take final action on an administratively complete submittal by approving in full, disapproving in full, approving in part and disapproving in part or conditionally approving within 12 months of the date of the submittal's completeness finding.  42 U.S.C. § 7410(k)(2) - (4).

23.     EPA has failed to take final action on Louisiana's Infrastructure State Implementation Plan Submittal for the 2008 ozone 8-hour NAAQS 110(a)(2)(D)(i) element. By no later than December 7, 2013, either EPA or operation of law deemed Louisiana's state implementation plan submittal, that included the infrastructure requirements under 42 U.S.C. § 7410(a)(2)(D)(i), administratively complete. *See* EPA, Status of State SIP Infrastructure Requirements—Louisiana (available at http://www3.epa.gov/airquality/urbanair/sipstatus/reports/la_infrabypoll.html#x110_a__2__ozone__2008_ (last viewed September 17, 2015).

24.     Under the Clean Air Act, EPA is required to take final action on Louisiana's submittal that addresses these infrastructure requirements by approving in full, disapproving in full, or

5

COMPLAINT

approving in part and disapproving in part by no later than December 7, 2014. *See* 42 U.S.C. § 7410(k)(2) - (4).

25.     EPA has failed to do so.

26.     EPA has failed to take final action on Montana's Infrastructure State Implementation Plan submittal for the 2008 ozone 8-hour NAAQS 110(a)(2)(D)(i) elements. On July 8, 2013, either EPA or operation of law deemed Montana's state implementation plan submittal that included the infrastructure requirements under 42 U.S.C. § 7410(a)(2)(D)(i) administratively complete. *See* EPA, Status of State SIP Infrastructure Requirements—Montana (available at http://www3.epa.gov/airquality/urbanair/sipstatus/reports/mt_infrabypoll.html#x110_a__2__ozone__2008_ (last viewed September 17, 2015).

27.     Under the Clean Air Act, EPA is required to take final action on Montana's submittal that addresses these infrastructure requirements by approving in full, disapproving in full, or approving in part and disapproving in part by July 8, 2014. *See* 42 U.S.C. § 7410(k)(2) - (4).

28.     EPA has failed to do so.

29.     EPA has failed to take final action on New York's Infrastructure State Implementation Plan Submittal for the 2008 ozone 8-hour NAAQS 110(a)(2)(D)(i) elements. On October 4, 2013, either EPA or operation of law deemed New York's state implementation plan submittal that included the infrastructure requirements under 110(a)(2)(D)(i) administratively complete. *See* EPA, Status of State SIP Infrastructure Requirements—New York (available at http://www3.epa.gov/airquality/urbanair/sipstatus/reports/ny_infrabypoll.html#x110_a__2__ozone__2008_ (last viewed September 17, 2015).

30.     Under the Clean Air Act, EPA is required to take final action on New York's submittal that addresses these infrastructure requirements by approving in full, disapproving in full, or approving in part and disapproving in part by October 4, 2014. *See* 42 U.S.C. § 7410(k)(2) - (4).

31.     EPA has failed to do so.

32.     EPA has failed to take final action on South Dakota's Infrastructure State Implementation Plan Submittal for the 2008 ozone 8-hour NAAQS 110(a)(2)(D)(i)(I) elements. By no later than November 30, 2013, either EPA or operation of law deemed South Dakota's state

COMPLAINT

implementation plan submittal that included the infrastructure requirements under 42 U.S.C. § 7410(a)(2)(D)(i)(I) administratively complete. *See* EPA, Status of State SIP Infrastructure Requirements—South Dakota (available at http://www3.epa.gov/airquality/urbanair/sipstatus/reports/sd_infrabypoll.html#x110_a__2__ozone__2008_ (last viewed September 17, 2015).

33.     Under the Clean Air Act, EPA is required to take final action on South Dakota's submittal that addresses these infrastructure requirements by approving in full, disapproving in full, or approving in part and disapproving in part by no later than November 30, 2014. *See* 42 U.S.C. § 7410(k)(2) - (4).

34.     EPA has failed to do so.

35.     EPA has failed to take final action on Wisconsin's Infrastructure State Implementation Plan Submittal for the 2008 ozone 8-hour NAAQS 110(a)(2)(D)(i) elements.  By no later than December 20, 2013, either EPA or operation of law deemed Wisconsin's state implementation plan submittal that included the infrastructure requirements under 42 U.S.C. § 7410(a)(2)(D)(i) administratively complete. *See* EPA, Status of State SIP Infrastructure Requirements— Wisconsin (available at http://www3.epa.gov/airquality/urbanair/sipstatus/reports/wi_infrabypoll.html#x110_a__2__ozone__2008_ (last viewed September 17, 2015).

36.     Under the Clean Air Act, EPA is required to take final action on Wisconsin's submittal that addresses these infrastructure requirements by approving in full, disapproving in full, or approving in part and disapproving in part by no later than December 20, 2014. *See* 42 U.S.C. § 7410(k)(2) - (4).

37.     EPA has failed to do so.

**CLAIM TWO**
(EPA Failure to Promulgate Federal Implementation Plans)

38.     Plaintiff incorporates by reference paragraphs 1 through 37.

7

COMPLAINT

39.     On January 15, 2013, EPA published notice of its finding that California had failed to submit a 2008 ozone Infrastructure SIP covering 42 U.S.C. § 7410(a)(2)(A) – (C), (D)(i)(II) – (H), & (J) – (M). 78 Fed. Reg. 2,882, 2,889 (Jan. 15, 2013).  This rule was effective February 14, 2013.

40.     The Clean Air Act requires EPA to promulgate a Federal Implementation Plan by no later than February 14, 2015 satisfying the above requirement. 42 U.S.C. § 7410(c)(1)(A).

41.     EPA has failed to promulgate a Federal Implementation Plan for California's 2008 ozone Infrastructure SIP covering 42 U.S.C. § 7410(a)(2)(A) – (C), (D)(i)(II) – (H), & (J) – (M) in violation of its mandatory duty.

42.     On March 7, 2013, EPA published notice of its disapproval of Kentucky's 2008 ozone Infrastructure SIP covering 42 U.S.C. § 7410(a)(2)(D)(i)(I). 78 Fed. Reg. 14,681 (March 7, 2013).  This rule was effective April 8, 2013.

43.     The Clean Air Act requires EPA to promulgate a Federal Implementation Plan by no later than April 8, 2015 satisfying the above requirement. 42 U.S.C. § 7410(c)(1)(B).

44.     EPA has failed to promulgate a Federal Implementation Plan for Kentucky's 2008 ozone Infrastructure SIP covering 42 U.S.C. § 7410(a)(2)(D)(i)(I) in violation of its mandatory duty.

## REQUEST FOR RELIEF

WHEREFORE, Sierra Club respectfully requests that the Court:

A.     Declare that the Administrator is in violation of the Clean Air Act with regard to her failure to perform each mandatory duty listed above;

B.     Issue a mandatory injunction requiring the Administrator to perform her mandatory duties by certain dates;

8

COMPLAINT

C.    Retain jurisdiction of this matter for purposes of enforcing and effectuating the Court's order;

D.    Grant Sierra Club its reasonable costs of litigation, including attorneys' and experts' fees; and

E.    Grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s Kristin Henry
_____

Kristin Henry (Cal. Bar No. 220908)
Sierra Club
85 Second Street, 2nd Floor
San Francisco, CA 94105
Telephone: (415) 977-5716
Facsimile:  (415) 977-5793
Kristin.Henry@sierraclub.org

Counsel for Sierra Club

Dated: September 22, 2015

9

COMPLAINT