UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, <br>     Plaintiff, <br> STATE OF NEW YORK, <br>     Plaintiff-Intervenor, <br>     v. <br> SCOTT PRUITT, in his official capacity as Administrator of the United States Environmental Protection Agency, <br>     Defendant. | Case No. 3:15-cv-04328-JD <br><br> **ORDER RE PARTIAL CONSENT DECREE AND SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 57, 61-62 |

Plaintiff Sierra Club, Plaintiff-Intervenor the State of New York, and Defendant Gina McCarthy in her capacity as Administrator of the United States Environmental Protection Agency ("EPA") jointly request entry of a partial consent decree relating to the ozone National Ambient Air Quality Standard ("NAAQS"). Since the filing of this action, Scott Pruitt has replaced McCarthy as EPA Administrator, and the Court on its own initiative substitutes Pruitt in her place.

As discussed at the hearing in March 2017, no entity or party opposed entry of the partial consent decree. Based on the materials submitted by the parties, the Court finds that the decree is fair, adequate and reasonable and the product of good faith, arms-length negotiation. *See United States v. Montrose Chem. Corp.*, 50 F.3d 741, 746 (9th Cir. 1995). Consequently, the partial consent decree will be entered in conjunction with this order.

The parties disagree on the date by which the EPA should promulgate a federal implementation plan ("FIP") for the State of Kentucky that addresses Kentucky's obligations under the "Good Neighbor Provision" in 42 U.S.C. § 7410(a)(2)(D)(i)(I) for ozone emissions

originating in Kentucky that might be transported to New York and other downwind states. The EPA forthrightly acknowledges that it did not meet a mandatory deadline under 42 U.S.C. § 7410(c)(1) to promulgate the Kentucky FIP by June 2, 2016. Dkt. No. 63 at 5. It proposes a deadline of February 2020 to finish this work. Plaintiffs propose a deadline of June 2018.

As an initial matter, the Court credits the parties for informally resolving a number of complex issues relating to the ozone NAAQS, and the EPA for not contesting liability over the Kentucky FIP. Nevertheless, Section 7410(c)(1) imposed an absolute duty on the EPA to issue the FIP within two years of Kentucky's failure to adopt an adequate state implementation plan. *EPA v. EME Homer City Generation, L.P.*, 134 S. Ct. 1584, 1600 (2014). In the wake of the EPA's breach of that duty, the sole remaining issue of timing is entrusted to the Court's broad latitude to fashion a remedy. *Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994). The Court will exercise its equitable powers to enforce Congress's strict timing requirements to the fullest extent possible, but short of requiring the EPA to do anything the record demonstrates is impossible. *See Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 52-53 (D.D.C. 2006) (and cases cited therein). To the extent the EPA seeks leeway under Section 7410(c)(1), it carries a heavy burden to explain why it should be allowed to depart from Congress's express deadline. *Id*.

Nothing in the EPA's filings justifies an extension of the deadline to complete the Kentucky FIP to 2020. The EPA points to a number of alleged roadblocks to quicker action, but most of them are variations on the theme that further analysis and study might improve the Kentucky FIP. That is no basis for slighting a congressional mandate. *Cmtys. for a Better Env't v. EPA*, No. 07-cv-03678-JSW, 2008 WL 1994898, at *3 (N.D. Cal. May 5, 2008). The Court will not sacrifice timely promulgation of a Kentucky FIP under Section 7410(c)(1) for development of a perfect plan; Congress has concluded that prompt, though imprecise, regulations are preferable to no regulations at all. *See Sierra Club*, 444 F. Supp. 2d at 54 (quoting *State v. Gorsuch*, 554 F. Supp. 1060, 1064 (S.D.N.Y. 1983)). The EPA has not demonstrated any good reason to push out the Kentucky FIP for another three years.

Plaintiffs' proposed deadline of June 2018 is considerably more faithful to Congress's directive. That date gives the EPA an additional two years to complete the FIP after June 2016,

which the EPA agrees was the outer boundary of the statutory deadline. This proposal might even be too generous given the express terms of Section 7410(c)(1), but the Court has not been presented with a reason to order an earlier date.

Consequently, summary judgment is granted for plaintiffs and the EPA is ordered to promulgate the Kentucky FIP by June 30, 2018. The Court will retain jurisdiction over the case until then. If the EPA encounters significantly changed circumstances impeding its ability to meet the deadline, it should advise the Court for possible further proceedings.

**IT IS SO ORDERED.**

Dated: May 23, 2017

JAMES DONATO
United States District Judge